UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN JAMES WEIDLICH,

        Plaintiff,

v.                             Case No.  8:21-cv-1226-SPF

KILOLO KIJAKAZI,
Commissioner of the Social
Security Administration,[1]

        Defendant.

_____/

## **ORDER**

      Plaintiff seeks judicial review of the denial of his claim for a period of disability and disability insurance benefits ("DIB").  As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

### **I.     Procedural Background**

      Plaintiff filed an application for a period of disability and DIB (Tr. 215).  The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 106, 121).  Plaintiff then requested an administrative hearing (Tr. 157).  Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 31–105).  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and is substituted as Defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

accordingly denied Plaintiff's claims for benefits (Tr. 7–25).   Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1–6). Plaintiff then timely filed a complaint with this Court (Doc. 1).  The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.      Factual Background and the ALJ's Decision

Plaintiff, who was born in 1968 (Tr. 107), claimed disability beginning October 1, 2018 (Tr. 108).  Plaintiff has sixth grade level education (Tr. 132) and past relevant work as a Construction Worker I (Tr. 18).  Plaintiff alleged disability due to insomnia due to pain; osteoarthritis in knee; cervical lordosis spasms; herniated/bulging discs – C2; C3 disc bulge; demonstratus broad disc bulging; surgery on knee – meniscus tear; and rotator cuff in shoulder – supraspinatus tear (Tr. 123).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 23, 2023 and had not engaged in substantial gainful activity since his alleged onset date of October 26, 2018 (Tr. 12–13). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: spine disorders and dysfunction of the major joints (Tr. 13).   Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 15).   The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R.§§ 404.1567(b) and 416.967(b), with these limitations:

> [Plaintiff could] frequently climb ramps and stairs and occasionally climb ladders, ropes, and scaffolds. He could frequently balance, stoop, kneel, crouch, and crawl. He is limited to frequent in any direction, including overhead, with the left non-dominant arm.

(Tr. 15).  In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 16).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could not perform his past relevant work as a construction worker but could work as a laundry sorter, potato chip sorter, or bottle labeler (Tr. 18–19).  Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 19–20).

## III.    Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397,

1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## IV.   Analysis

Plaintiff advances one argument: the ALJ did not adequately evaluate the opinion of Dr. Frederick McClimans, Plaintiff's treating orthopedist. In particular, Plaintiff argues that, because the ALJ found Dr. McClimans's opinion to be persuasive, the ALJ should have incorporated all of the limitations identified by Dr. McClimans into Plaintiff's RFC (Doc. 18 at 10–11). In response, the Commissioner argues that not all limitations from persuasive opinions need be incorporated into a claimant's RFC, and the ALJ's RFC determination is supported by substantial evidence (Doc. 18 at 12–15). For the reasons

that follow, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

Before March 27, 2017, Social Security Administration ("SSA") regulations codified the treating physician rule, which required the ALJ to assign controlling weight to a treating physician's opinion if it was well supported and not inconsistent with other record evidence. *See* 20 C.F.R. § 404.1527(c). Under the treating physician rule, if an ALJ assigned less than controlling weight to a treating physician's opinion, he or she had to provide good cause for doing so. *See Winschel v. Comm'r of Soc. Sec*, 631 F.3d 1176, 1178-79 (11th Cir. 2011).

In this case, however, revised SSA regulations (published on January 18, 2017, and effective on March 27, 2017) apply because Plaintiff filed his claim on February 21, 2019 (*see* Tr. 10). As the SSA explained, "under the old rules, courts reviewing claims tended to focus more on whether the agency sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision ... these courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial evidence standard of review, which is intended to be highly deferential to us." Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017); *see also Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1259 n.4 (11th Cir. 2019). *Compare* §§ 404.1527(c), 416.927(c) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion.") *with* 20 C.F.R. §§ 404.1520c(a), 416.920c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical

6

opinion(s) or prior administrative medical finding(s), including those from your medical sources."). Moreover, the Eleventh Circuit recently affirmed that these new regulations eliminate the treating physician rule. *Harner v. Comm'r of Soc. Sec.*, 38 F.4d 892, 897 (11th Cir. 2022) (noting that the Commissioner "determined that a change was required due to a shift away from physicians having a personal relationship with claimants and toward claimants consulting multiple doctors and care teams").

The new regulations require an ALJ to apply the same factors when considering the opinions from *all* medical sources. 20 C.F.R. § 404.1520c(a). As to each medical source, the ALJ must consider: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 404.1520c(c). But the first two factors are the most important: "Under the new rule, the SSA will consider the persuasiveness of all medical opinions and evaluate them primarily on the basis of supportability and consistency." *Mackey v. Saul*, No. 2:18-cv-2379-MGL-MGB, 2020 WL 376995, at *4, n.2 (D.S.C. Jan. 6, 2020) (citing 20 C.F.R. § 404.1520c(a),(c)(1)-(2) (while there are several factors ALJs must consider, "[t]he most important factors ... are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section).").

"Supportability" refers to the principle that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20

C.F.R. § 404.1520c(c)(1). "Consistency" refers to the principle that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2). Put differently, the ALJ must analyze whether the medical source's opinion is (1) supported by the source's own records; and (2) consistent with the other evidence of record. *See Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197-RBD-DCI, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 1565162 (Apr. 21, 2021).

The new regulations also change the standards the ALJ applies when articulating his or her assessment of medical source opinions. As mentioned above, an ALJ need not assign specific evidentiary weight to medical opinions based on their source. *See Tucker v. Saul*, No. 4:19-cv-759, 2020 WL 3489427, at *6 (N.D. Ala. June 26, 2020). While the ALJ must explain how he or she considered the supportability and consistency factors, the ALJ need not explain how he or she considered the other three factors.[2] 20 C.F.R. § 404.1520c(b)(2). And, in assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-by-source basis – the regulations do not require the ALJ to explain the consideration of each opinion from the same source. *See* 20 C.F.R. § 404.1520c(b)(1).

---

[2] The exception is when the record contains differing but equally persuasive medical opinions or prior administrative medical findings about the same issue. *See* 20 C.F.R. § 404.1520c(b)(3).

In a medical opinion form, Dr. McClimans stated that Plaintiff could infrequently lift ten pounds a day and could never lift more than ten pounds (Tr. 625). Dr. McClimans also noted that the Plaintiff could sit for eight hours a day and stand or walk for eight hours a day (*Id.*). Further, Dr. McClimans described Plaintiff's pain level as moderate (Tr. 626).

The ALJ said the following regarding Dr. McClimans's opinion:

> This opinion is supported by reference to a single evaluation in August 2019, noting dysfunction of the left shoulder, and remains partially consistent with the remainder of the record. These limitations are generally persuasive with the remaining medical evidence although slightly greater limitations are warranted in light of additional treatment records showing ongoing but mild weakness in the left arm and ongoing cervical spine pain. Still, the undersigned finds he would experience additional postural and environmental limitations due to cumulative effects of his orthopedic complaints, including residuals of right knee arthroscopic repair.

(Tr. 28).   Here, the ALJ's consideration of Dr. McClimans's opinions tracks the new regulations' requirements in that the ALJ discusses both supportability and consistency. Plaintiff does not challenge this analysis, but challenges the ALJ's failure to incorporate the lifting limitations identified by Dr. McClimans in Plaintiff's RFC.

As the Commissioner points out, an ALJ need not adopt every part of an opinion that the ALJ finds persuasive.  *See Rivera Misla v. Comm'r of Soc. Sec.*, No. 6:20-cv-1076-DCI, 2021 WL 2417084, at *2 (M.D. Fla. June 14, 2021); *Freyhagen v. Comm'r of Soc. Sec. Admin.*, No. 3:18-cv-1108-J-MCR, 2019 WL 4686800, at *8 (M.D. Fla. Sept. 26, 2019) ("[T]he ALJ's RFC assessment did not need to match or mirror the findings or opinions of any particular medical source . . . because the responsibility of assessing the RFC rests with the ALJ.") (citations omitted).   Accordingly, as long as the ALJ considered the

9

supportability and consistency of Dr. McClimans's opinion, the only issue is whether the ALJ's RFC assessment is supported by substantial evidence.

Here, the ALJ's finding that Plaintiff can lift no more than twenty pounds at a time and can frequently lift or carry objects weighing up to ten pounds is supported by substantial evidence. For example, the ALJ found persuasive the opinion of state agency consultant Dr. Phillip Matar, who opined that Plaintiff could lift twenty pounds occasionally and ten pounds frequently (Tr. 17–18). The ALJ also found persuasive the opinion of state agency consultant Dr. David Guttman, who generally affirmed and adopted Dr. Matar's opinion (*Id.*). The ALJ found Dr. Matar's and Dr. Guttman's opinions to be persuasive because they were supported by a review and summary of the medical evidence (whereas Dr. McClimans's opinion was supported by a single evaluation) (*Id.*). The ALJ found Dr. Matar's and Dr. Guttman's opinions to be persuasive because their findings were consistent with the developed record, including the residual effects of claimant's surgeries, whereas Dr. McClimans's opinion was only "partially consistent" with the remainder of the record (*Id.*). In discussing Dr. Matar's and Dr. Guttman's opinions, the ALJ further explained that "greater limitations are not warranted in light of the grossly normal physical examinations except for mild strength loss in the left arm" (Tr. 18).

The ALJ noted that, while Plaintiff testified to generally avoiding lifting with his left hand, Plaintiff only avoided lifting more than twenty-five to forty pounds (Tr. 16, 85). He also discussed that physical examinations showed at most slightly decreased strength in Plaintiff's left arm, and sometimes good strength in the left arm as well as full strength

elsewhere (Tr. 17, 394, 398, 402, 405).  After Plaintiff underwent surgery for his left shoulder, he reported improvement in his left arm and findings showed only mildly reduced strength and good range of motion (Tr. 17, 611, 635, 638).  Accordingly, the ALJ's finding that Plaintiff can frequently lift ten pounds is supported by substantial evidence.

Plaintiff also argues that, if the ALJ did not find Dr. McClimans's lifting limitations to be persuasive, the ALJ was required to explicitly state his rationale for not finding that portion of Dr. McClimans's opinion to be persuasive, using the factors of supportability and consistency.  This argument is not persuasive.  As set forth above, the regulations require the ALJ to assess medical opinions from each individual source, but they do not require the ALJ to individually assess multiple opinions from a single medical source.  *See* 20 C.F.R. § 404.1520c(b)(1) ("[W]hen a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate.").

Plaintiff has failed to show that the ALJ erred in his analysis of Dr. McClimans's opinion, and the ALJ's RFC determination is supported by substantial evidence.  As such, the decision of the Commissioner is affirmed.

### V.   Conclusion

Accordingly, after consideration, it is hereby

ORDERED:

1.  The decision of the Commissioner is affirmed.

2.  The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

**ORDERED** in Tampa, Florida, on this 16th day of August 2022.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE